UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDWER GORGEES,<br><br>                                Plaintiff,<br><br>v.<br><br>ALANNA Y. OW ET AL.,<br><br>                              Defendants. | Case No.: 3:18-cv-01881-GPC-JMA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 2] |

On August 10, 2018, Plaintiff Idwer Gorgees ("Plaintiff"), with counsel, filed a Complaint for Mandamus and Other Relief. (ECF No. 1.) Plaintiff, an Iraqi national who was admitted into the United States as a refugee, seeks to compel adjudication of his I-485 Application to Register Permanent Residence or Adjust Status, and his I-602 Application by Refugee for Waiver of Grounds of Excludability, which Plaintiff alleges have been pending for approximately ten months. (*Id.* at 11–12.) Plaintiff concurrently filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)

All proceedings filed with the District Court require a filing fee unless the Court grants IFP status, waiving the fee. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Pursuant to 28 U.S.C. § 1915(a), the Court may waive the filing fee if a party demonstrates an inability to pay by submitting an affidavit reporting all assets of the

individual. 28 U.S.C. § 1915(a); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life.").

Because Plaintiff was adjudged to be mentally incompetent to represent himself, (ECF. No. 1, Exh. 4), his counsel submitted a sworn declaration on his behalf stating that he is currently unemployed and has been detained in the custody of Immigration and Customs Enforcement since January 2017. (ECF No. 2, Attach. 1.) Counsel declares that Plaintiff held no employment before his detention; prior to that time, Plaintiff had been receiving government assistance as a newly-admitted refugee. (*Id.*) Counsel also avers that Plaintiff has no assets or income, and does not expect any future income while he remains detained. (*Id.*) Although Plaintiff is married, counsel states that Plaintiff is separated from his wife and has no knowledge as to her financial situation because he is not permitted to have contact with her. (*Id.*) Thus, the Court does not consider Plaintiff's wife's assets in determining his IFP status. *See Escobedo*, 787 F.3d at 1235 (recognizing, in light of diverse marital arrangements, that in some cases "one spouse's funds may simply not be available to the other spouse" for IFP purposes). In light of the above, the Court finds that Plaintiff demonstrates inability to pay the filing fee.

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Plaintiff's allegations with respect to his request for mandamus relief are sufficient for the purposes of *sua sponte* screening under § 1915(e)(2)(B). He is, however, cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D.

Cal. 2007).

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP and **ORDERS** the U.S. Marshal to effect service upon all Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); *see also* Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

Dated: August 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge